CASE 75.—ACTION  BY  THE  CITY  OF  GEORGETOWN AGAINST  THE  GEORGETOWN  WATER,  GAS, ELECTRIC & POWER CO.—Sept. 23, 1909.

## City Georgetown v. Georgetown E. & P. Co.

Appeal from Scott Circuit Court.

R. L. Stout, Circuit Judge.

Judgment of dismissal and plaintiff appeals.—Affirmed.

Waters and Water Courses—Water Supply—Contract with Private Company—Installation of Filter.—Where a city furnished the source of water supply, conveying it to a private company, with the distinct understanding that water furnished from it should be used for fire protection and domestic purposes, and the water became impure, not from negligence of the company, but because of bacteria in the source of supply, the company could not be compelled to install a filter plant where the contract with the city was silent on the subject.

B. M. LEE for appellant.

City Georgetown v. Georgetown E. & P. Co.

CITATION OF AUTHORITIES.

1. Domestic purposes include all uses of water which contribute to the health, comfort and convenience of the family in the enjoyment of their dwelling as a home." Crosby v. City Council of Montgomery, 108 Ala. 498 (Words and Phrases, Vol. 3, page 2166).

2. The contract to furnish water for fire protection and for domestic purposes necessarily implies that the water for such purposes must be pure and wholesome. City of Harrodsburg v. Harrodsburg Water Co., 24 Rep. 2193.

JAS. F. ASKEW for appellee.

We recognize the law to be that no city exercising its governmental functions can contract away its rights to have its water supply proper and sufficient, and that the courts, after investigation, can determine what should be done when a condition has arisen unexpected by the parties at the time of making the contract, but such adjudication will always be bottomed upon the eternal principles of right, and will not relieve one of the contracting parties at the cost of the other.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

This is an action by the city of Georgetown against the Georgetown Water, Gas, Electric & Power Company to require the latter to install a filtration plant for the purpose of enabling it to furnish pure and wholesome water to the inhabitants of Georgetown. It appears from the record that in the year 1889, the chairman and board of trustees of Georgetown, Ky., entered into a contract with E. B. Patterson and John Nichols, by which the latter were given the right to take into possession and use for waterworks purposes the Big Spring in Georgetown. In consideration of the right thus granted and the prices provided by the contract, Patterson and Nichols and their assigns agreed to erect and maintain a certain number of hydrants in the city, and to furnish water

for fire protection and domestic use. At the same time the city of Georgetown executed a conveyance to Patterson and Nichols, by which the latter were given the right to enter upon the ground where the Big Spring was located, and to pump water therefrom. Some time thereafter one D. J. Hauss, who had become the assignee of the original company and assignee of the original rights to the water from Big Spring, purchased from the city of Georgetown a franchise giving him and his assigns the right to furnish water for fire protection, and for the use of the inhabitants of Georgetown. In consideration of the right thus granted, Hauss and his assigns agreed to expend $23,000 in new machinery, extension of mains, pumps, buildings, boilers, electric apparatus, etc., for the purpose of putting the plant in first class condition.

Appellee, the Georgetown Water, Gas, Electric & Power Company, succeeded to the rights of Hauss, and is now engaged in furnishing water for the use of the city of Georgetown and its inhabitants. In this action the city of Georgetown charges that it was contemplated by the parties to the contract that appellee should furnish pure and wholesome water for use of the citizens of Georgetown; that, as a matter of fact, the water furnished by appellee is impure and filled with bacteria, and the use of it by the inhabitants of Georgetown has resulted in spreading disease among them.

The petition concludes with a prayer for a judgment determining it to be the duty of appellee to forthwith put in a good and sufficient filter plant, and that it be compelled by the court to do so and to deliver to the plaintiff and its citizens pure and wholesome water for drinking and domestic purposes. Ap-

pellee interposed a demurrer to this petition and also filed an answer. The demurrer to the petition was sustained, and, appellant declining to plead further, the petition was dismissed, from which judgment this appeal is prosecuted.

The contracts between the city of Georgetown and appellee and his predecessors nowhere provide for the erection of a filter plant. It was not only contemplated by the parties that the water furnished to the city of Georgetown should be procured from the Big Spring, but the latter was actually conveyed to appellee's assignors for the purpose of being used to furnish water. Thus the source of supply of the water was actually furnished by the city of Georgetown. It is not charged in the petition that the pollution of the Big Spring was due to any act of omission or commission on the part of appellee. That being the case, the impurity of the water is due, not to any negligence or carelessness on the part of appellee, but to the impure source from which the water itself is furnished. As the city furnished the source of the water supply, with the distinct understanding and agreement that the water so furnished by it should be used for fire protection and domestic purposes, we are unable to see upon what ground it can be contended that it is the duty of appellee when the contracts are silent upon the subject to go to the additional expense of furnishing a filter plant. To impose this duty upon appellee would be in effect to make a new contract between the parties, which the courts have no power to do.

The appellant relies upon the case of City of Harrodsburg v. Harrodsburg Water Co., 73 S. W. 1032, 24 Ky. Law Rep. 2193. There is a broad distinction, however, between the facts of that case and the facts

of the case under consideration. There the city of Harrodsburg merely had knowledge of the fact that the water company would take its water from Salt river. This court held that the mere knowledge of the city that the water would be taken from Salt river did not relieve the water company of its obligation to furnish pure and wholesome water for domestic purposes. This is not a case of mere knowledge on the part of the city, but the city actually furnishes the water, while appellee acts as a distributing agent of the water so furnished. Thus an entirely different question is presented. When a city as part of its contract with a company furnishing water to its citizens agrees to and does furnish the water so used, and that water becomes impure, not because of any acts of omission or commission on the part of the water company, but because of bacteria in the source of the water supply, it can not, in the absence of a contract to that effect, impose upon the water company the duty of constructing a filtration plant for the purpose of purifying such water. Under such circumstances the question is not one for the courts, as herein presented but for efforts on the part of public spirited citizens of the city and the water company to reach a just and equitable agreement in the matter. We therefore conclude that the trial court properly sustained the demurrer to the petition.

Judgment affirmed.